**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EDGAR HERNANDEZ,

Plaintiff,

Case No.

-vs-

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.
_____________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Edgar Hernandez (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC, Trans Union LLC, and Experian Information Solutions, Inc (hereinafter collectively “CRAs”).

3. Consumer reporting agencies that create consumer reports, like DHIS, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer’s dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, “experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy”. Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION AND VENUE**

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Hillsborough County in the State of Florida; Defendant transact business within this District; and violations described in this Complaint occurred in this District.

9. Experian is a corporation with its principal place of business in the State of California with its registered agent, CT Corporation System located at 1200 South Pine Island Rd, Plantation, FL 33324.

10. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

11. Experian disburses such consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

12. Plaintiff is a natural person who is believed to be the victim of a mixed file or identity theft.

13. On or about 2024, Plaintiff became aware of a fraudulent American Credit Acceptance (partial Account # 901241XXXXX) (hereinafter “ACA”) appearing on his Experian credit report.

14. Plaintiff had no knowledge of the ACA account, did not open the ACA Account, nor authorize anyone to open the ACA account on his behalf.

15. The fraudulent ACA account was not appearing on Plaintiff’s Equifax Information Services LLC credit report.

16. Plaintiff began submitting online disputes to Experian regarding the fraudulent ACA account, including but not limited to on February 12, 2025, March 14, 2025 and March 21, 2025. Despite these numerous disputes, Experian failed to conduct a proper investigation and remove the fraudulent ACA account.

17. On or about December 23, 2025, Plaintiff also mailed a written dispute to Experian regarding the fraudulent account, but again Experian failed to conduct a proper investigation and remove the fraudulent ACA account.

18. On or about March 12, 2026 and April 9, 2026, Plaintiff sent another set of very detailed dispute letters to Experian via certified United States Postal Service Mail. In the letters he included his personal information so Experian could

identify him and explained he has been disputing the fraudulent ACA account for awhile now to no avail. He explained how Equifax was not the reporting debt and he included a copy of the Consumer Financial Protection Bureau ("CFPB") Complaint (CFPB Complaint # 260121-28033187) he filed against ACA. Plaintiff exclaimed the ACA account does not belong to him and it needs to be removed.

19. Plaintiff was discouraged when he received dispute results from Experian on April 9, 2026, verifying the fraudulent ACA account as accurate.

20. Experian failed to conduct any meaningful independent investigation in Plaintiff's disputes, but rather parroted information it received from ACA.

21. Experian never attempted to contact Plaintiff during its purported reinvestigations.

22. Other individuals have lodged complaints similar to the Plaintiff's in this matter, including direct complaints, CFPB complaints, FTC complaints, and via lawsuits

23. If at any point during the reinvestigation process, Defendants had conducted a reasonable investigation, the results would have been different, and the erroneous account would have been removed from Plaintiff's credit file much sooner than it was.

24. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii. Loss of time and time taken off from work in attempts to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendant's reluctance to fix the errors;

iv. Defamation and Plaintiff's information has been published by Defendant to third parties, including but not limited to FICO to calculate Plaintiff's credit score.

## CAUSES OF ACTION

### COUNT I
**Violations of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Negligent)**

25. Plaintiff re-alleges and reincorporates paragraphs one (1) through twenty-four (24) above as if fully stated herein.

26. Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

27. Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

28. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, damage to her credit standing; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

29. The conduct, action and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

30. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, EDGAR HERNANDEZ, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT II**
**Violations of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Willful)**

31. Plaintiff re-alleges and reincorporates paragraphs one (1) through twenty-four (24) above as if fully stated herein.

32. Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

33. Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

34. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, damage to her credit

standing; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

35. The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

36. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, EDGAR HERNANDEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

37. Plaintiff re-alleges and reincorporates paragraphs one (1) through twenty-four (24) above as if fully stated herein.

38. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to conduct a lawful reinvestigation; (ii) failing to delete or correct inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and (iiii) relying upon verification from a source it knew or should have known was unreliable.

39. Despite the documentation produced by Plaintiff demonstrating that the ACA account did not belong to him, Experian refused to conduct any independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to ACA.

40. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of time; financial loss; damage to her credit standing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

41. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

42. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, EDGAR HERNANDEZ, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

43. Plaintiff re-alleges and reincorporates paragraphs one (1) through twenty-four (24) above as if fully stated herein.

44. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to conduct a lawful reinvestigation; (ii) failing to delete or correct inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and (iiii) relying upon verification from a source it knew or should have known was unreliable.

45. Despite the documentation produced by Plaintiff demonstrating that the ACA account did not belong to him, Experian refused to conduct any independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to ACA.

46. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of time; financial loss; damage to her credit standing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

47. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

48. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, EDGAR HERNANDEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Edgar Hernandez respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 18th day of September, 2026.

Respectfully submitted,

***/s/ Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
lisa@theconsumerlawyers.com

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.

Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

*Attorney for Plaintiff*